UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NICOLE E. MODICA,

                Plaintiff,

-against-

HON. KAREN WOLF; CHILDREN'S AID
SOCIETY; and ADMINISTRATION FOR
CHILDREN'S SERVS.,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-4464 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Nicole E. Modica filed this *pro se* action pursuant to 42 U.S.C. § 1983, seeking certain relief related to the custody of her child. For purposes of this Order, the Court grants Modica's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, all claims asserted by Modica are dismissed for lack of subject matter jurisdiction.

### BACKGROUND[1]

Modica alleges that her son was removed from her custody by the Children's Aid Society and the New York City Administration for Children's Services ("ACS"). Following a family court proceeding, Modica was found guilty of child neglect. (Compl. (Doc. No. 1) at 14.)[2] It appears that her child is currently in the custody of Modica's father. Modica asks this Court to do the following: (1) return her son to her custody; (2) direct ACS to pay for counseling; and (3) impeach Judge Wolf. Modica also seeks 15 million dollars in damages. (*Id.* at 6.)

---

[1] The following facts are drawn exclusively from the complaint, and are assumed to be true for purposes of this Memorandum and Order.

[2] All citations to pages of the complaint refer to the Electronic Case Filing System ("ECF") pagination.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd,* 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678–78 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citations omitted). The Court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA,* 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be

raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700–01 (2d Cir.2000) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### I. Domestic Relations Exception

The domestic relations exception "'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Sobel v. Prudenti,* 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) (quoting *Akenbrandt v. Richards,* 504 U.S. 689, 703 (1992)). The exception "stems from 'the policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack.'" *Id.* (quoting *Thomas v. New York City,* 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993)).

Although the exception is narrow, it applies where the essence of a plaintiff's suit involves an issue such as custody. *Schottel v. Kutba,* No. 06-CV-1577 (JON) (SS) (JSR), 2009 WL 230106, at *1 (2d. Cir. Feb. 2, 2009). Federal courts have discretion to abstain from exercising jurisdiction over issues that "begin and end" in a domestic dispute where full and fair adjudication is available in state courts; such abstention may apply to civil rights actions. *Id.*; *see also Martinez v. Queens Cty. Dist. Atty.,* No. 12-CV-6262 (RRM), 2014 WL 1011054, at *9 (E.D.N.Y. Mar. 17, 2014), *aff'd,* 596 F. App'x 10 (2d Cir. 2015) (finding that all questions that begin and end in the domestic dispute should be adjudicated in the state family court).

Here, although Modica alludes to violations of her constitutional rights, she seeks to have this Court intervene and consider a child custody matter that has already been considered by the

state court. Under the domestic relations exception, this Court cannot provide the relief Modica seeks. *Sobel*, 25 F. Supp. 3d at 354.

Further, to the extent that Modica seeks to have this Court revisit or overturn the state court's determination concerning custody of her son, the Court is barred by the *Rooker–Feldman* abstention doctrine. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see generally D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482–86 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923). Modica may not seek to collaterally attack in this Court the state court orders relating to the custody proceeding. *See, e.g., Graham v. Criminal Court of the City of N.Y.*, No. 15-CV-337 (PKC), 2015 WL 427981, at *4 (E.D.N.Y. Feb. 2, 2015); *Johnson v. Myers*, No. 10-CV-1964 (JS), 2014 WL 2744624, at *6 (E.D.N.Y. June 16, 2014). Accordingly, Modica's claims relating to the state court child custody dispute are dismissed for lack of subject matter jurisdiction.

## II. Judicial Immunity

Even if this Court had subject matter jurisdiction over Modica's claims, her claim would be dismissed against Judge Wolf. It is well settled that judges have absolute immunity for their judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Dupree v. Bivona*, No. 07-CV-4599 (RKW) (RAK) (RR), 2009 WL 82717, at *1–2 (2d Cir. Jan. 14, 2009); *Colson v. N.Y. Police Dep't*, No. 13-CV-5394 (JG), 2015 WL 64688, at *6 (E.D.N.Y. Jan. 5, 2015). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quotation omitted); *Horton v. City of New York*, No. 14-CV-4279 (KAM), 2014 WL 3644711, at *1 (E.D.N.Y. July 22, 2014); *Edo v. Queens Cty. Criminal Court*, No. 13-CV-

7089 (JBW), 2013 WL 6732811, at *1 (E.D.N.Y. Dec. 19, 2013); *Gamez v. U.S. Dist. Court E. & S. Dist. of – Tyranny, N.Y.*, No. 11-CV-4068 (KAM), 2011 WL 3949807, at *1 (E.D.N.Y. Sept. 6, 2011).

Moreover, the Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) bars all claims for injunctive relief against a judicial officer for a judicial action or omission "unless a declaratory decree was violated or declaratory relief was unavailable." *See also Rodriguez v. Trager*, No. 10-CV-781 (ARR), 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010). Here, Modica alleges that Judge Wolf lied and found her guilty of child neglect. Modica alleges no acts performed by Judge Wolf that fall outside the scope of absolute judicial immunity. Accordingly, Modica's claim against Judge Wolf is dismissed.

### III. The New York City Administration for Children's Services

Finally, Modica seeks an order directing ACS to pay for counseling. (*See* Compl. at 6.) ACS is the child protective service agency for the City of New York. *See Graham v. City of New York*, 869 F. Supp. 2d 337, 348 (E.D.N.Y. 2012) ("ACS is an agency of the City of New York . . . ."). As an agency of the City of New York, ACS cannot be sued independently. *See Frazier v. N.Y. State Admin. for Children Servs*, No. 15-CV-6531 (KAM), 2016 WL 50801, at *1 (E.D.N.Y. Jan. 4, 2016). Accordingly, Modica's claims against ACS are dismissed.

### IV. Leave to Amend

Whereas ordinarily the Court would allow a plaintiff an opportunity to amend her complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from Modica's submission that she cannot state a claim for relief. Therefore, any attempt to amend the complaint would be futile. *See Ashmore v. Prus*, 510

Fed. App'x. 47, 49 (2d Cir. 2013) (finding leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## CONCLUSION

Accordingly, Modica's complaint filed *in forma pauperis* is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order and the accompanying Judgment to plaintiff Nicole E. Modica, *pro se*, note the mailing on the docket, and close this case.

SO ORDERED.

s/Roslynn R Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
6/16, 2017